UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTE OCEGUEDA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., *et al.*, <br><br> Defendants. | Case No. 2:23-CV-10870-FLA (skx) <br><br> **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

1    Federal courts are courts of "limited jurisdiction," possessing only "power
2    authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of*
3    *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to
4    lack jurisdiction unless the contrary appears affirmatively from the record.  *See*
5    *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal
6    courts have an obligation to examine jurisdiction sua sponte before proceeding to the
7    merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
8        A suit filed in a state court may be removed to federal court if the federal court
9    would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal
10   courts have original jurisdiction where an action presents a federal question under 28
11   U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332.
12   Accordingly, a defendant may remove an action from state court to federal court
13   pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of a federal
14   question or diversity jurisdiction.  Of relevance here, claims filed under the
15   Magnuson-Moss Warranty Act do not trigger federal question jurisdiction unless the
16   amount in controversy is equal to or greater than "the sum or value of $50,000
17   (exclusive of interests and costs) computed on the basis of all claims to be determined
18   in [the] suit." 15 U.S.C. § 2310(d)(3)(B); *Khachatryan v. BMW of N. Am., LLC*, Case
19   No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).
20       Courts strictly construe the removal statute against removal jurisdiction, and
21   "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal
22   in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The
23   party seeking removal bears the burden of establishing federal jurisdiction.  *Id*.  Thus,
24   a notice removing an action from state court to federal court must include "a plausible
25   allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*
26   *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the
27   plaintiff contests, or the court questions, the defendant's allegation" concerning the
28   amount in controversy, "both sides [shall] submit proof," and the court may then

decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.

The court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction. In particular, and without limitation, the court finds that the allegations in Defendant's Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $50,000.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: April 2, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge