JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANETTE OCEGUEDA, *et al*.,

                Plaintiffs,

    v.

AMERICAN HONDA MOTOR CO., *et al.,*

                Defendants.

Case No. 2:23-cv-10870-FLA (SKx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 15]**

## RULING

On November 21, 2023, Plaintiffs Janette Ocegueda and Juan A. Ocegueda Jr. ("Plaintiffs") initiated this action against Defendant American Honda Motor Company, Inc. ("Defendant") in the Los Angeles County Superior Court. Dkt. 1-1 at 10–20 ("Compl."). Plaintiffs assert claims for violations of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq.*, and the Magnusson-Moss Warranty—Federal Trade Commission Improvement Act (the "Magnusson-Moss Act"), 15 U.S.C. § 2301, *et seq*. *Id.* ¶¶ 25–56.

On December 28, 2023, Defendant removed the action to this court, alleging the existence of federal question jurisdiction based on Plaintiffs' Magnuson-Moss Act

1

claim.  Dkt. 1 ("NOR").  On April 2, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 15.  Plaintiffs and Defendant filed responses on April 16, 2024.  Dkt. 20 ("Pls. Resp."); Dkt. 21 ("Def. Resp.").

Having reviewed and considered Defendant's Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish federal question jurisdiction and REMANDS the action to the Los Angeles County Superior Court.

## DISCUSSION

### I.   Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

/ / /

1   A defendant's notice of removal must include "a plausible allegation that the

2   amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

3   *Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or

4   the court questions, the defendant's allegation," "both sides [must] submit proof," at

5   which point "the court decides, by a preponderance of the evidence, whether the

6   amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly

7   construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction

8   must be rejected if there is any doubt as to the right of removal in the first instance."

9   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption'

10  against removal jurisdiction means that the defendant always has the burden of

11  establishing that removal is proper." *Id.*

12  **II.  Analysis**

13  The Magnuson-Moss Act allows consumers to bring suits for damages and

14  other legal or equitable relief when a supplier fails to comply with an obligation under

15  a written or implied warranty. 15 U.S.C. § 2310(d)(1). Claims filed under the

16  Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in

17  controversy is equal to or greater than "the sum or value of $50,000 (exclusive of

18  interests and costs) computed on the basis of all claims to be determined in [the]

19  suit[.]" *Id.* § 2310(d)(3)(B). Since the Magnuson-Moss Act does not specify the

20  appropriate measure and type of damages that are available, "a number of courts,

21  including the Ninth Circuit, have turned to the applicable state law to determine which

22  remedies are available under the Act, which of necessity informs the potential amount

23  in controversy." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005)

24  (citing *Kelly v. Fleetwood Enters.*, 377 F.3d 1034, 1039 (9th Cir. 2004)). Based on

25  the allegations of the Complaint, the relevant state law here is the Song-Beverly Act.

26  Accordingly, the court must determine whether the remedies available to Plaintiffs

27  under the Song-Beverly Act are sufficient to place at least $50,000 in controversy.

28  / / /

1    Defendant argues the amount in controversy requirement is satisfied based on
2    Plaintiffs' requests for actual damages, civil penalties, and attorney's fees and costs of
3    suit.  Def. Resp. at 21.  The court will examine each category in turn.

### A.    Actual Damages

5    Under the Song-Beverly Act, the buyer of a vehicle may obtain "restitution in
6    an amount equal to the actual price paid or payable by the buyer," reduced by an
7    amount "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)–
8    (C).  This reduction, also known as the mileage offset, reduces the buyer's recovery
9    by "that amount directly attributable to use by the buyer prior to the time the buyer
10   first delivered the vehicle to the manufacturer or distributor, or its authorized service
11   and repair facility for correction of the problem that gave rise to the nonconformity,"
12   with each mile driven reducing the purchase price by 1/120,000.  *Id.*
13   § 1793.2(d)(2)(C).

14   Defendant states Plaintiffs have put at least $17,091 in controversy, calculated
15   based on the Kelly Blue Book value for a vehicle of the same make and model with
16   70,000 miles.  Def. Resp. at 2; Dkt. 21-1 at 5.  Plaintiffs have not challenged this
17   evidence or established any other specific amount at issue.  This evidence is sufficient
18   to establish that at least $17,091 is in controversy here.

### B.    Civil Penalties

20   "A plaintiff who establishes that a violation of the Song-Beverly Act was
21   willful may recover a civil penalty of up to two times the amount of actual damages."
22   *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249,
23   at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted).
24   However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be
25   assumed."  *E.g.*, *id.* (quotation marks omitted).  "Rather, the defendant must make
26   some effort to justify the assumption."  *Id.* (collecting cases finding civil penalties
27   under the Song-Beverly Act too speculative to be included in the amount in
28   controversy and remanding, where defendants did not explain why civil penalties were

4

1   reasonably likely to be awarded) (quotation marks omitted); *see also, e.g.*, *Makol v.*

2   *Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424,

3   at *3 (N.D. Cal. June 28, 2018) ("Simply assuming a civil penalty award is

4   inconsistent with the principle that the defendant must provide evidence that it is more

5   likely than not that the amount in controversy requirement is satisfied.") (quotation

6   marks omitted).

7        Defendant argues Plaintiffs' request for civil penalties brings the amount in

8   controversy over the $50,000 jurisdictional minimum.  Def. Resp. at 3–5.  Defendant,

9   however, does not identify any specific facts or present evidence to establish Plaintiffs

10  have pleaded willfulness plausibly or that it is reasonable to double the amount of

11  actual damages in arriving at the size of a likely award.  *See, e.g.*, *Pennon v. Subaru of*

12  *Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal.

13  June 17, 2022) (remanding action where defendant provided no specific argument or

14  evidence for including a civil penalty in the amount in controversy).  The court,

15  therefore, finds civil penalties under the Song-Beverly Act are not adequately

16  supported and too speculative to be included within the amount-in-controversy.

17       **C.     Attorney's Fees**

18       In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be

19  considered in assessing the jurisdictional threshold.  *Gonzales v. CarMax Auto*

20  *Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).  A removing defendant,

21  however, must "prove that the amount in controversy (including attorneys' fees)

22  exceeds the jurisdictional threshold by a preponderance of the evidence … with

23  summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*,

24  899 F.3d 785, 795 (9th Cir. 2018).  "A district court may reject the defendant's

25  attempts to include future attorneys' fees in the amount in controversy if the defendant

26  fails to satisfy this burden of proof."  *Id.*; *see also Johnson v. Mid-Century Ins. Co.*,

27  No. 23-35222, 2024 U.S. App. LEXIS 3949, at *3 (9th Cir. Feb. 21, 2024) (ordering

28  remand where defendant failed to establish plaintiff's anticipated attorney's fees were

1  more likely than not to bring the amount in controversy above the jurisdictional

2  minimum).

3      "While a defendant may meet its burden to establish a reasonable estimate of

4  attorneys' fees by identifying awards in other cases, those cases must be similar

5  enough to the case at hand that the court can conclude that it is more likely than not

6  that the plaintiff may incur a similar fee award."  *Kaplan v. BMW of N. Am., LLC*,

7  Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24,

8  2021); *see D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx),

9  2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging

10 violations of the [Song-Beverly] Act settle early" and remanding where defendant

11 provided no explanation for why the action was similar to those that went to trial).

12 Moreover, a defendant fails to show attorney's fees are part of the amount in

13 controversy where it "makes no effort to explain what amount of attorney fees might

14 be sought or awarded in this case, neglecting to include so much as an estimate of the

15 hour or billing rates that might apply."  *Vega v. FCA US, LLC*, Case No. 2:21-cv-

16 05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

17      Defendant cites *Selinger v. Ford Motor Company*, Case No. 2:22-cv-08883-

18 SPS (KSx), 2023 WL 2813510, at *11 (C.D. Cal. Apr. 5, 2023), to argue that a district

19 court has found $50,000 to be a reasonable estimate of attorney's fees for Song-

20 Beverly Act cases.  NOR at 6.  Defendant, however, fails to explain how the specific

21 facts at hand here are similar to those of *Selinger* or any other action where attorney's

22 fees were awarded.  *See id.*; Def. Resp. at 5–6.[1]  It is Defendant's burden to show that

23 at least $32,909 in attorney's fees is in controversy by a preponderance of the

24 evidence.  Although Defendant "anticipates that Plaintiffs' counsel will bill *at least*

25 100-120 hours litigating this matter," Defendant does not offer any evidence or

---

27 [1] Defendant requests the court take judicial notice of Judgments and Orders in
28 unrelated actions.  Dkt. 21-2.  Defendant's request is GRANTED, as to the existence
   and legal effect of these documents.

argument for why Plaintiffs' claims are likely to result in such fees. *See* Def. Resp. at 5 (emphasis in original). That courts have awarded significant fee awards in other, unrelated cases involving claims arising under the Song-Beverly and Magnusson-Moss Acts is not sufficient to establish a fee award is reasonably likely here. *See, e.g.*, *Kaplan*, 2021 WL 4352340, at *6. Given that the removal statute must be construed strictly and all doubts are resolved in favor of remand, the court finds Defendant has failed to demonstrate the amount in controversy exceeds the jurisdictional minimum based on anticipated attorney's fees. *See Johnson*, 2024 U.S. App. LEXIS 3949, at *3.

## **CONCLUSION**

For the aforementioned reasons, the court finds Defendant has failed to demonstrate that the amount in controversy exceeds $50,000 as required by the Magnuson-Moss Act. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 23TRCV03896. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: June 17, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge